January 11, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1795

SHERYL L. VIZVARY,

Plaintiff, Appellant,

v.

GREATER PROVIDENCE DEPOSIT CORPORATION, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Breyer, Chief Judge,

Selya and Cyr, Circuit Judges.

Sheryl L. Vizvary on brief pro se.

Patricia K. Rocha and Adler Pollack & Sheehan on brief for

appellees.

Per Curiam. Cheryl L. Vizvary appeals a district court
Per Curiam.

order denying her request for recusal of the district judge. We

dismiss the appeal as moot.

Appellant filed a pro se complaint in the United States

District Court for the District of Rhode Island in July, 1990,

requesting a judicial declaration that certain loan documents

executed by her, her husband, and the appellee bank were null and

void. The complaint also demanded damages and alleged that

appellees' efforts to recover their mortgage loan and other

amounts due violated appellant's civil and constitutional rights.

Appellees moved to dismiss for lack of subject matter

jurisdiction and failure to state a claim upon which relief could

be granted.

On October 5, 1990, appellant filed a motion for an

order permanently restraining appellees from foreclosing on her

residence, which was denied on October 18, 1990. During the

latter part of 1990, appellant filed a voluntary petition in

bankruptcy.1 Thereafter, she commenced an adversary proceeding

in the bankruptcy court, objecting to the proof of claim filed by

the appellee bank and challenging its mortgage lien on her

residence.

On April 29, 1992, the bankruptcy judge conducted an

evidentiary hearing at which appellant testified, and on May 28,

1The record on appeal does not reveal whether appellant's
bankruptcy petition was filed before or after October 18, 1990.

2

1992, the bankruptcy court entered its order upholding the

validity of various loan documents and the mortgage lien

challenged by appellant in the district court action from which

the present appeal emanates.

Meanwhile, on May 21, 1992, three weeks after the

bankruptcy court hearing and one week before the bankruptcy

judge's order rejecting her lien and loan document challenges,

appellant filed a motion to disqualify the presiding judge in the

district court action. On June 18, 1992, the recusal motion was

denied.

Upon the filing of appellant's bankruptcy petition in

late 1990, the claims and property interests she asserted in the

pending district court action became property of the bankrupt

estate by operation of law. See Bankruptcy Code 541; 11 U.S.C.

541.2 As a consequence, the parallel adversary proceeding was

litigated in the bankruptcy court instead. In due course, three

weeks before the district court acted on appellant's recusal

motion, the bankruptcy court order dismissing appellant's objec-

tions to the bank's proof of claim and upholding its mortgage

lien became final. Thus, the issues and claims initially raised

in the pending district court action were barred under the

doctrines of issue and claim preclusion.

2At a status conference on February 25, 1991, the district
court duly noted: "Pltf has filed bankruptcy petition. Deft.
has filed m/dismiss in bankruptcy proceedings and will be filing
m/dismiss in this case after hearing in bankruptcy Court
(probably late March)." The record on appeal thus discloses that
appellant lacked standing to prosecute the claims pending in the
district court action below.

3

As the bankruptcy court order adjudicating appellant's

claims in the parallel adversary proceeding became final prior to

any district court action on the recusal motion, the order

appealed from is moot.

Appeal dismissed.

4